**Jorge Alejandro ROMERO–MENDEZ, a.k.a. Jorge Alejandro Romero, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 11–71793.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2014.*

Filed March 19, 2014.

Carolyn Chapman, Esquire, Carolyn Chapman, Esq., Port Saint Joe, FL, for Petitioner.

OIL, Meadow W. Platt, Trial, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief

Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: D.W. NELSON, PAEZ, and NGUYEN, Circuit Judges.

MEMORANDUM **

Jorge Alejandro Romero–Mendez ("Romero–Mendez") petitions for review of a decision of the Board of Immigration Appeals ("BIA") finding him removable under 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien convicted of an aggravated felony after admission to the United States. We deny in part and dismiss in part.

1. The BIA correctly found Romero–Mendez removable based on his conviction under California Penal Code Section 273.5(a) and the two-year state prison sentence he received following violation of probation. The former qualifies categorically as a "crime of violence" under 18 U.S.C. § 16(a). *See Banuelos–Ayon v. Holder,* 611 F.3d 1080, 1083 (9th Cir.2010). The latter constitutes a "term of imprisonment [of] at least one year" under 8 U.S.C. § 1101(a)(48)(B).[1] Because we find this conclusion clear based on the current administrative record, we deny Romero–Mendez's motion to supplement the administrative record.

We also reject Romero–Mendez's contention that the two-year state prison sentence he received was imposed as punishment for his violation of probation, and not for his conviction under Section 273.5(a).

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Romero–Mendez's suggestion that the sentencing court did not suspend the imposition of sentence when granting him probation is wrong as a matter of California law. *See* Cal.Penal Code § 1203(a).

The record shows that Romero–Mendez admitted that he violated the terms of his probation, had his prior probationary sentence vacated, and received a two-year state prison sentence for his conviction under Section 273.5(a)—something clearly permitted under California Penal Code Section 1203.1(j). *See also* Cal.Penal Code § 273.5(a) (permitting punishment by imprisonment in state prison for up to four years).

Because Romero–Mendez is removable based on his conviction under Section 273.5(a) and his two-year state prison sentence, we lack jurisdiction over his petition and dismiss the petition in part. *See Prakash v. Holder,* 579 F.3d 1033, 1039 (9th Cir.2009).

2. Romero–Mendez cannot establish a viable claim of ineffective assistance of counsel. In order to succeed on a claim of ineffective assistance of counsel during removal proceedings, a petitioner must demonstrate prejudice. *Ray v. Gonzales,* 439 F.3d 582, 587 (9th Cir.2006). "[W]here counsel's performance was inadequate but the petitioner still had an opportunity to present his claim, '[p]rejudice is found when the performance of counsel was so inadequate that it may have affected the outcome of the proceedings.'" *Id.* (quoting *Ortiz v. INS,* 179 F.3d 1148, 1153 (9th Cir.1999)) (second alteration in original). This is a hurdle Romero–Mendez cannot surmount because, as noted above, the record establishes his removability on the basis of his conviction under California Penal Code Section 273.5(a) and the two-year state prison sentence he received. Thus, we deny Romero–Mendez's petition in part.

3. Romero–Mendez's argument that 8 U.S.C. § 1227(a)(2)(A)(iii), as applied in his case, is unconstitutionally broad lacks merit. As a preliminary matter, Romero–Mendez fails to identify any portion of the Federal Constitution that the statute purportedly violates. Moreover, his assertion that Congress intended removability under 8 U.S.C. § 1227(a)(2)(A)(iii) to be limited to "the most egregious offenses" is contradicted by the plain language of the statute and the various definitions it incorporates. *See* 8 U.S.C. § 1101(a)(43)(F); 8 U.S.C. § 1227(a)(2)(A)(iii); 18 U.S.C. § 16(a). We therefore deny Romero–Mendez's petition in part.

**DISMISSED** in part and **DENIED** in part.

Circuit Judge NGUYEN, concurring in part and concurring in the judgment:

For the reasons offered in my concurrence in *Perez Ramirez v. Holder,* 562 Fed.Appx. 555, No. 10–71198, 2014 WL 961883 (9th Cir. Mar. 13, 2014), as to Part 1 of the memorandum disposition, I concur only in the judgment.